1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HOWARD F. JORDAN, | No. CV 07-2522-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| RON WEAVER et al., | |
| Defendants. | |

Pending before the Court is the Motion for Judgment on the Pleadings of Defendants Greene and Johnson (Dkt. # 42) and the Motion for Appointment of Counsel by Plaintiff Howard F. Jordan (Dkt. # 56). For the following reasons, the Court grants Defendants' motion and denies Plaintiff's motion.

**BACKGROUND**

On December 12, 2007, Plaintiff, a prisoner at the South Unit of the Arizona State Prison Complex in Florence, Arizona, filed the complaint underlying this action. (Dkt. # 1.) Plaintiff filed an amended complaint on May 13, 2008, in which Plaintiff alleged that he was assaulted by Defendant Weaver, a commissary worker. (Dkt. # 15.) Defendant Greene is alleged to be a Sergeant at the South Unit. (*Id.* at 2.) Plaintiff asserts that he reported the assault to Sgt. Greene and that Greene "did nothing." (*Id.* at 5.) Defendant Johnson is alleged to be an acting administrative deputy warden at the South Unit. (*Id.* at 2.) Plaintiff

asserts that Johnson "is now allowing [Weaver] access to South Unit" and is thereby "failing to protect [Plaintiff's] safety." (*Id.* at 6.) Plaintiff demands an injunction preventing Weaver from being in the same yard as Plaintiff, as well as ten million dollars from each defendant. (*Id.* at 7.)

This case was referred to a magistrate judge. (Dkt. # 2.) On October 27, 2008, Defendants Greene and Johnson filed the instant motion for judgment on the pleadings. (Dkt. # 42.) The magistrate gave Plaintiff notice that he was required to file a response by December 1, 2008. (Dkt. # 43.) The notice warned Plaintiff that "[y]ou must timely respond to this motion" and that "[t]he Court may, in its discretion, treat your failure to respond to Defendants' Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure." (*Id.* at 2.) The magistrate subsequently extended Plaintiff's time to respond to December 15, 2008. (Dkt. # 50.)

Plaintiff filed an untimely response.[1] (Dkt. # 55.) Plaintiff simultaneously filed a motion for appointment of counsel. (Dkt. # 56.)

**DISCUSSION**

**I.     Defendants' Motion for Judgment on the Pleadings**

Plaintiff failed to timely respond to Defendants' motion, despite the magistrate's notice of the deadlines and warning of the consequences of the failure to timely respond. The Court therefore treats that failure as consent to the granting of the motion pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure. *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). The Court finds that, given the court's notice to Plaintiff and the previous extension of time, the public's interest in

---

[1] Plaintiff's response was filed December 24, but because of the Christmas holiday it was not docketed until December 29. (*See* Dkt. # 55.)

- 2 -

1  expeditious resolution of litigation and the court's need to manage its docket outweigh the
2  other factors and weigh against further delay in resolving Defendants' motion.²

**II.     Plaintiff's Motion for Appointment of Counsel**

"[T]here is generally no right to counsel in a civil case." *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18 (1981)). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1) (2006); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under § 1915(e)(1). *Id.*

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. While Plaintiff states that he "is without adequate resources within the prison to effectively continue to prosecute his claims," such difficulties do not make his case exceptional. Accordingly, at the present time, this case does not present "exceptional circumstances" requiring the appointment of counsel.

However, Plaintiff may contact the following organization to determine whether it has an attorney available to represent Plaintiff *pro bono* or at a reduced rate:

---

²The Court also notes that, under Defendants' qualified immunity defense, Plaintiff has the burden of proving the existence of a "clearly established" right. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) ("Once the defense of qualified immunity is raised by the defendant, the plaintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'"). Plaintiff, by failing to timely respond, has failed to meet that burden. Moreover, Plaintiff's untimely response expressly declines to object to Defendants' qualified immunity argument and consents to dismissal under that theory. Therefore, entry of judgment is proper.

Volunteer Lawyers Program
305 South Second Avenue
P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings of Defendants Greene and Johnson (Dkt. # 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Greene and Johnson are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. # 56) is **DENIED**.

**DATED** this 31st day of December, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge